IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL MARIANITO,

     Plaintiff,

v.                                           1:24-cv-01308-LF-JMR

THE UNITED STATES OF AMERICA
and GE CAPITAL MODULAR SPACE,

     Defendants.

**ORDER DENYING MOTION FOR SERVICE**
**BY PUBLICATION WITHOUT PREJUDICE**

THIS MATTER is before the Court on Plaintiff's Response to Order to Show Cause and

Motion for Leave to Serve GE Capital Modular Space by Publication, filed on May 15, 2025.

Doc. 12.  No party filed in opposition to the motion.  Plaintiff asks for permission to serve

defendant GE Capital Modular Space by publication.  *Id*. at 1.  The Court, having reviewed

plaintiff's submissions and the relevant law, and being otherwise fully advised, finds the motion

is not well taken and will deny it without prejudice.

The Federal Rules of Civil Procedure permit service of process on an individual within a

judicial district of the United States by "following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where

service is made."  *See* FED. R. CIV. P. 4(e)(1).  Plaintiff's claims and arguments are based only on

New Mexico law.  *See* Doc. 12.  The Court will therefore apply the laws of service for New

Mexico, where this Court is located.

Under New Mexico law, service upon a "a domestic or foreign corporation, a limited

liability company or an equivalent business entity" may be made by "serving a copy of the

process to an officer, a managing or a general agent or to any other agent authorized by

appointment, by law or by this rule to receive service of process.  If the agent is one authorized

by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

Rule 1-004(G)(1)(a) NMRA.  "If none of the persons mentioned" in Subparagraph (a) is

available, or if they refuse to accept service, "service may be made by delivering a copy

of the process or other papers to be served at the principal office or place of business

during regular business hours to the person in charge."  Rule 1-004(G)(2) NMRA.

In addition, service may be made upon a domestic or foreign corporation, a limited

liability company or an equivalent business entity "by mail or commercial courier service in the

manner provided in Subparagraph (3) of Paragraph E of this rule."  Rule 1-004(G)(3) NMRA.

Subparagraph (3) of Paragraph E states that service may be made "by mail or commercial courier

service provided that the envelope is addressed to the named defendant and further provided that

the defendant or a person authorized by appointment, by law or by this rule to accept service of

process upon the defendant signs a receipt for the envelope or package containing the summons

and complaint, writ or other process."  Rule 1-004(E)(3) NMRA.

If a plaintiff shows by affidavit that service "cannot reasonably be made as provided by

this rule," the court may order service by publication.  Rule 1-004(J) NMRA.  The motion for

service by publication must include a copy of the proposed notice.  Rule 1-004(K) NMRA.  If

the Court allows service by publication, the notice must be published once a week for three

consecutive weeks in a newspaper of general circulation "in the county which reasonably

appears is most likely to give the defendant notice of the action."  Rule 1-004(K)(1) NMRA.

At this time, the Court finds service by publication inappropriate because Plaintiff has not

adequately demonstrated that service "cannot reasonably be made as provided by th[e] rule."

*See* Rule 1-004(J) NMRA.  First, Plaintiff does not document any attempt to identify or serve "a

managing or a general agent or to any other agent authorized by appointment, by law or by this

rule to receive service of process."  *See* Rule 1-004(G)(1)(a) NMRA.  Instead—without first

determining that "none of the persons mentioned" in Rule 1-004(G)(1)(a) NMRA were

available—Plaintiff proceeded to attempt to serve "by delivering a copy of the process or other

papers to be served at the principal office or place of business."  *See* Rule 1-004(G)(2) NMRA.

Plaintiff attempted to serve GE Capital at the following addresses:

> (1) The address for GE Capital listed on the Bernalillo County Assessor's website for 801
>     Vassar Dr., Albuquerque, NM (presumably the address where Plaintiff was injured):  GE
>     Capital Modular Space, 530 E. Swedesford Rd., Wayne, PA 19087.
>
> (2) The principal address for GE Capital listed on the Pennsylvania Secretary of State
>     Business Search website: 2 Bala Plaza Cynwyd, PA 19004-1597.
>
> (3) An address for GE Capital listed on AEC Info's[1] website:  426 W. Lancaster Ave.,
>     Devon PA 19333.

*See* Docs. 10-1 through 10-3; Doc. 12 at 1–2.  None of these service attempts were successful.

Doc. 12 at 1–2.

Second, Plaintiff did not attempt to serve GE Capital by certified mail.  *See* Rule 1-
004(G)(3) NMRA.  Third, Plaintiff did not include an affidavit showing how "service cannot
reasonably be made as provided by th[is] rule."  Rule 1-004(J) NMRA.

Because Plaintiff has not complied with the requirements of Rule 1-004(G) NMRA or
Rule 1-004(J) NMRA, the Court denies Plaintiff's motion to serve by publication without
prejudice.  If Plaintiff chooses to refile his motion, Plaintiff must include an affidavit that

---

[1] AEC Info is a private webpage that lists information about building products.  *See*
https://www.aecinfo.com/.

describes in detail his attempts both to identify and to serve an agent of GE Capital, as well as his attempts to serve GE Capital via certified mail.

The Court hereby quashes its Order to Show Cause (Doc. 11) and extends the deadline for Plaintiff to serve GE Capital through September 15, 2025.  If Plaintiff is unable to serve GE Capital by this date, Plaintiff must either file a motion showing good cause for an extension or a renewed motion for service by publication by September 15, 2025.

JENNIFER M. ROZZONI
United States Magistrate Judge